## 9440

### LEWIS v. WILLIAMS (Two Cases).

#### (89 S. E. 647.)

1. APPEAL AND ERROR—DISCRETION OF TRIAL COURT—EVIDENCE—REPU-
TATION.—Where one's reputation is brought into question, the trial
Court is allowed a wide discretion in determining the preliminary
question whether the time or place at which it was sought to prove
it is so remote or distant as to deprive it of substantial probative
value, and its exercise of such discretion will not be reversed except
for manifest error resulting in prejudice to the party complaining.

2. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE—EXCLUSION—REP-
UTATION OF PARTY.—In an action for slander for calling plaintiff a
thief, where the facts upon which defendant claimed that plaintiff's
reputation in another State was bad were brought out on the cross-
examination of the plaintiff and were before the jury, the exclusion
of defendant's evidence as to plaintiff's reputation in such other
State, even if remotely relevant, was no material injury to defendant.

3. TRIAL—INSTRUCTIONS—PROVINCE OF JURY.—In an action for slander
for calling plaintiff a thief, where one of the jurors drawn stated in
Court, in the presence of the other jurors, that he did not approve
of such sort of cases being brought into Court and was excused, an
instruction, cautioning the jury that they should not undertake to
make law or administer it as they thought it ought to be, and that
they should have no prejudice against such character of action
because it was allowed by law, and that plaintiff could not recover
unless he made out a proper meritorious case, was not erroneous as
an expression of the Court's opinion as to the merits of the case,
or as a suggestion that' damages should be awarded in such case to
prevent breaches of the peace, etc.

4. LIBEL AND SLANDER—INSTRUCTIONS—ISSUES.—In a married woman's
action for slander for calling her a whore, an instruction that, while
it was made a criminal offense by the statute to maliciously utter or

circulate any false statement concerning the chastity of a woman
punishable by fine, or imprisonment or both, that did not take away
plaintiff's right to bring a civil action for damages was relevant and
proper.

5. EVIDENCE—PRESUMPTION—REPUTATION.—The law presumes that a
woman charged with being a whore was innocent of such charge,
and was a person of good reputation.

Before MEMMINGER, J., Greenville, September, 1915.
Affirmed.

Actions by T. A. Lewis and by Maggie Lewis against G.
W. Williams. Judgments for plaintiffs, and defendant
appeals.

*Mr. J. J. McSwain,* for appellant, cites: *As to admissi-
ability of testimony as to plaintiff's reputation in State of
residence:* 3 Rich. L. 362; Newell on Libel & Slander, p.
882, sec. 67; 45 Am. Dec. 774; 8 Enc. Ev. 280; 6 Allen
(Mass.) 406. *Surprise:* 1 N. & McC. 268; 2 *Ib.* 511.
*Character affects damages:* 25 Cyc. 418, 481; 2 N. & McC.
511. *Charge on facts:* 47 S. C. 518.

*Messrs. J. Robt. Martin* and *John C. Henry,* for respond-
ent. The latter submits: *Depositions properly excluded:* 1
Wigmore Greenleaf Ev. 587; 3 Enc. Ev. 28, 29; 20 Am.
Dec. 618. *Charge proper and not prejudicial:* 79 S. C. 84
and 80 and 372; 75 S. C. 404. *Requests for further charge
necessary:* 90 S. C. 323. *Criminal statute relevant:* Civil
Code, sec. 3941; 25 Cyc. 317, 569; Stats. of 1912, p. 775;
98 Tex. 85; 81 S. W. 289. *Charge presumed false:* 8 Enc.
Ev. 224 and 270 and 310; 26 S. C. L. 468; 1 McM. 468; 25
Cyc. 453, 459, 476, 479, 484. *Matter in mitigation must
be pleaded:* Code Civ. Proc. 199, 215; 66 S. C. 135; 4 Rich.

FOOTNOTE.—As to the nature of evidence admissible in libel and slander
cases, see 19 A. & E. Ann. Cas. 986-990; showing bad reputation in miti-
gation of damages, see note in 38 L. R. A. (N. S.) 1176 to 1185.

259; 38 S. C. L. 259. *Publication the only issue:* 1 Hill (19 S. C. L.) 253; 25 Cyc. 490. *Chastity presumed, the contrary must be pleaded and proven:* 8 Enc. Ev. 270; 10 S. C. L. (1 N. & McC.) 268; 11 S. C. L. (2 N. & McC.) 511; 18 S. C. L. (2 Bail.) 115; 19 S. C. L. (1 Hill) 251. *For any defamatory charge actionable per se, plaintiff is entitled to recover at least actual or nominal damages, be the amount ever so trifling, for in such a case the law presumed some injury done to her character and feelings:* 10 S. C. L. 269 (1 N. & McC. 269). *But plaintiff here is entitled to special and substantial damages without even so much as making such an allegation in her complaint:* 18 S. C. L. 115 (2 Bail. 115); 8 Enc. Ev. 249, and cases; 25 Cyc. 453 and 490. *And even without proving it:* Sec. 3941, Civil Code of S. C. (1912). *The language of the defamatory charge is actionable per se under this statute:* 44 S. C. L. 44 (10 Rich. 44); 19 S. C. L. 251 (1 Hill 251); 18 S. C. L. 115 (2 Bail. 115); 25 Cyc. 316 and 318. *And a general allegation as to damages is sufficient. Punitive damages recoverable:* 10 S. C. L. (1 N. & McC.) 216; 99 S. C. 432; 25 Cyc. 539, 540.

July 5, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

These were actions for slander—for calling T. A. Lewis a thief, and Maggie, his wife, a whore—and resulted in judgments in favor of both plaintiffs. They were tried separately on Circuit, but were heard together in this Court. The answer in each case was a general denial; but defendant sought to prove, in mitigation of damages, that neither plaintiff had any reputation that could be injured.

The plaintiffs formerly lived in North Carolina, but were induced by defendant, who is a relative of theirs, to move to this State. Lewis is a small farmer of humble station in life. After having lived here about three years, defendant

fell out with him, and went about the neighborhood making the accusations complained of against him and his wife. Some 20 years ago, when Lewis was a young man, he killed a man, in Spartanburg, and, upon the advice of his father and the defendant, he evaded arrest, until recently—perhaps, after these actions were brought—when he was arrested, tried, and acquitted.    It appears, also, that many years ago, he was guilty of some petty offenses in North Carolina, but this was unknown in the community in which he lived in this State until published by defendant.    Testimony was freely admitted as to his reputation in the community in which he lived, and, while there was some conflict, most of it was that it was good.

The Court excluded testimony as to his reputation in North Carolina, as irrelevant, and also on another ground which need not be considered, since the ruling may be sustained upon the ground stated.    The action was for 1, 2 damage to his good name in the community in which he lived, and, though his conduct in the community in which he lived in former years may have been such as to bring him into bad repute, it was commendable in him to amend his ways and so live in the new community into which he had moved as to acquire a good reputation; and reason and justice require that he should have been encouraged in his effort to do so.    But there would be no hope for a man to make the laudable attempt to turn from wrongdoing and try to live right, so as to win the confidence and respect of his neighbors, if his efforts could be blasted with impunity by the insidious tongue of slander.    Some of the best and most respectable men of every community have been guilty of follies in their past lives which they have lived down, or over which the mantle of charity has been thrown.

It follows that when a person's reputation is brought into question, a material inquiry is whether the time or place at which it is sought to prove it is so remote or distant as to deprive the evidence of substantial probative value.    Ordi-

narily these affect the weight rather than the competency of the evidence. Nevertheless, its admissibility is a preliminary question for the trial Court, which must be decided in the light of all the circumstances of the particular case; no fixed rule can be laid down; and, in deciding the question wide latitude of discretion must be allowed, the exercise of which will not be reversed, except for manifest error, resulting in prejudice to the party complaining. Chamberlayne's Modern Law of Evidence, sec. 3328. In this case, the facts upon which defendant claimed that plaintiff's reputation in North Carolina was bad were brought out on cross-examination of plaintiff, and were before the jury, so that, under all the circumstances, we are satisfied that defendant suffered no material injury by the exclusion of the evidence, even if it was remotely relevant.

At the trial, one of the jurors drawn stated in open Court, in the presence of the other jurors, that he did not approve of this sort of case being brought into Court, no matter what might be the nature of it. He was excused by the Court. Referring to this incident, the Court, during the charge, said to the jury:

"Now, you see that we had to excuse a juror because he made the statement that he was against this sort of suit anyhow, no matter what the nature of it was, that such cases should not be brought in Court. Now, gentlemen, you don't want to undertake a case of this kind and have any such prejudice against such an action, because the law permits one to recover in a case of this kind if a proper case is made out under the rules of law. Now, it is true that we don't have many of this kind of cases in South Carolina, because, unfortunately for us and our State, when men use words which are insulting and opprobrious and defamatory against each other, the prevalent idea is that such should be remedied by a blow or with a bullet, and that is one of the reasons why it has been said so frequently that human life in South Carolina is cheaper than five-cent cotton. You

will find in the old English-speaking countries, gentlemen, that these kind of actions are very prevalent; that country where law is kept better than in any other country in the world, where people do not go around with deadly weapons with them, the tendency of Courts is to encourage cases being brought into Court and litigated on the question of defamation of character, seeking their redress in the civil Courts for damages, or in a criminal Court on an indictment, rather than going out and killing and shooting and beating up. It was my good fortune two years ago to be in London nearly eight weeks, attending the Courts there almost every day, and I noticed there were a great number of cases of slander, and I asked one of the Judges about it, and he said they rather encouraged those cases. I only mention that, gentlemen, not as bearing upon the merits of this case in any way, shape, or form, because if this case is not a meritorious case, then that would be the end of it, but it is simply said in order that you will not get the idea that you ought not to enter into the consideration with that prejudice when a man gives an insult he ought not to go into Court. If this man has made out his case by the greater weight of the evidence, why then you fix actual damages if he suffered any damages," etc.

Appellant assigns error in the remarks above quoted, in that they invoked an intimation of the Court's opinion as to the merits of the case, and amounted to a charge on the facts; and in that they were equivalent to a suggestion to the jury that, on grounds of public policy, damages should be awarded in cases like this to prevent breaches of the peace and put down lawlessness in the State. We do not so construe the remarks, nor are they susceptible of such construction; the jury were not misled. The Court's purpose was merely to caution the jury that they should not undertake to make law, or to administer it as they thought it ought to be; and, therefore, they should have no prejudice against this class of actions, because they are allowed by law. The

Court undertook to state some of the reasons why they are allowed, and why such actions should be brought in Court, rather than the injured party attempt to take vengeance by his own strong arm, but the Court was careful to tell the jury that the plaintiff in such cases should not recover, unless a proper case is made out, and, also, that, if this case was not meritorious, that should be the end of it.

In Maggie Lewis' case, appellant complains because the Judge told the jury that, while it was made a criminal offense by statute (27 Stat. 775) to maliciously utter or circulate any false statement concerning the chastity of a woman, punishable by fine not exceeding $5,000, or imprisonment not exceeding one year, or both, at the discretion of the Court, that did not take away the right of plaintiff to bring a civil action for damages. We think the instruction was relevant and proper; nor was there error in charging that the law presumes that plaintiff was innocent of the crime charged against her, and, also, that there was a presumption that she was a person of good reputation. These propositions are too elementary to require discussion.

Judgments affirmed.